UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION    :
    :
               Plaintiff,    :
        v.    :
    :  17 Civ. 2659 (KPF)
    :  ECF CASE
OMAR EL-ACHKAR, HALLOUN MALEK    :
KHARRAT, AL DAHER AHMAD YAACOUB,    :  **JURY TRIAL DEMANDED**
AND ONE OR MORE UNKNOWN TRADERS    :
IN THE SECURITIES OF GENERAL    :
COMMUNICATION, INC.,    :
    :
              Defendants.    :
------------------------------------------------------------------------X

## ANSWER OF DEFENDANT OMAR EL-ACHKAR

Defendant Omar El-Achkar ("El-Achkar"), through his undersigned counsel, for his Answer to the First Amended Complaint (the "Complaint") filed by Plaintiff the Securities and Exchange Commission (the "Commission"), states as follows:

1.      Denies the allegations of paragraph 1 except admits that General Communications, Inc. ("GCI") made an announcement on April 4. 2017 that it had entered into an agreement to be acquired by Liberty Interactive Corporation for 32.50 per share (the "Announcement").  El-Achkar also admits that the stock price of GCI increased from a close of $20.56 on April 3, 2017 to a close of $33.39 on April 4, 2017.

2.      Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 2 except El-Achkar admits that he is located in Lebanon.

3.      Denies the allegations of paragraph 3.

4.      Denies the allegations in paragraph 4 that his trading was highly suspicious and denies knowledge or information sufficient to form a belief as to the other Defendants' trading.

El-Achkar admits that he purchased out of the money call options in GCI and that between October 1, 2016 and March 19, 2017 he had not placed trades in GCI.

5.      Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 5.

6.      Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 6 except El-Achkar admits that his purchase of GCI call options was not hedged.

7.      Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 7 to the extent it concerns the alleged profits of other Defendants and admits that the price of GCI stock increased 62.4% after the Announcement was issued.

8.      Paragraph 8 purports to state legal conclusions as to which no response is required; to the extent (if any) that any further response is required, El-Achkar denies the allegations and specifically denies that his trading involved unlawful insider trading.

9.      Paragraph 9 purports to state legal conclusions as to which no response is required; to the extent (if any) that any further response is required, El-Achkar denies the allegations and specifically denies that the Court has personal jurisdiction over him.

10.      Paragraph 10 purports to state legal conclusions as to which no response is required; to the extent (if any) that any further response is required, El-Achkar denies the allegations.

11.      Admits the allegations in paragraph 11.

12.      Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 12.

13.      Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 13.

14.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 14

15.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 15.

16.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 16.

17.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 18.

19.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 19 except admits that Aksys Capital, SAL is a brokerage firm located in Beirut Lebanon.

20.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 20.

21.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 21.

22.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 22.

23.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 23.

24.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 24.

25.     Admits the allegations in paragraph 25.

26.     Admits the allegations in paragraph 26.

27.     Admits the allegations in paragraph 27.

28.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 28.

29.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 29.

30.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 30 except El-Achkar admits that he did not trade in GCI securities from October 1, 2016 to April 7, 2017 apart from the transactions described in the Complaint.

31.     Admits the allegations in paragraph 31.

32.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 32.

33.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 33 except El-Achkar admits that on August 5, 2017 he purchased 405 out-of-the-money call options for Wix.com Ltd., which he sold at a loss on August 17, 2017.

34.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 34.

35.     Denies the allegations of paragraph 35.

36.     Admits the allegations of paragraph 36.

37.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 37 except El-Achkar admits that he purchased his call options between March 20 and March 31, 2017.

4

38.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 38 except El-Achkar admits that he purchased the GNCMA 21 APR17 22.50 calls and the GNCMA 21Apr17 25.00 calls.

39.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 39 except El-Achkar admits that he purchased the GNCMA 21 APR17 22.50 calls and the GNCMA 21Apr17 25.00 calls.

40.     Denies the allegations of paragraph 40.

41.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 41 except El-Achkar admits the GCI call options he purchased in March 2017 were out-of-the-money.

42.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 42.

43.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 43.

44.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 44.

45.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 45 except admits that he did not hedge his purchase of the GNCMA 21APR17 22.50 call options.

46.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 46.

47.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 47 to the extent it involves the profits earned by other traders and admits that the

price of CGI's common stock increased from $20.56 on April 3, 2017 to a close of $33.39 on April 4, 2017.

48.      Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 48.

49.      Denies the allegations of paragraph 49.

50.      Denies the allegations of paragraph 50.

51.      El-Achkar reiterates each and every response to paragraphs 1 to 50 heretofore made in answer to the allegations contained therein, with the same force and effect as if more fully set forth at length herein

52.      Denies the allegations of paragraph 52.

53.      Denies the allegations of paragraph 53.

54.      Denies the allegations of paragraph 54.

55.      Denies the allegations of paragraph 55.

### RELIEF SOUGHT

El-Achkar denies that the Commission is entitled to any of the relief sought.

### DEFENSES

El-Achkar asserts the following defenses without assuming the burden of proof or any other burden if such burdens would otherwise be on the Commission:

<u>First Defense</u>

The Complaint fails to state a claim upon which relief can be granted.

<u>Second Defense</u>

The Complaint fails to plead fraud with particularity.

<u>Third Defense</u>

The Court lacks personal jurisdiction over El-Achkar.

El-Achkar reserves the right to timely raise any additional defenses not yet asserted which he becomes aware of through discovery, other investigation or additional disclosures by the Commission.

## REQUEST FOR RELIEF

El-Achkar respectfully requests that this Court grant judgment in his favor as follows:

a. That the Complaint be dismissed in its entirety with prejudice;

b. That judgment be entered in El-Achkar's favor on his affirmative defenses;

c. That El-Achkar be awarded his costs and expenses; and

d. That this Court grant El-Achkar such other and further relief as may be just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), El-Achkar demands a trial by jury for all issues so triable.

Dated: August 16, 2017                    Respectfully submitted,

                                          /s/ Robert Heim
                                          Robert Heim
                                          Meyers & Heim LLP
                                          1350 Broadway, Suite 514
                                          New York, NY 10018
                                          Telephone: (212) 355-7188

## <u>CERTIFICATE OF SERVICE</u>

On August 16, 2017, I electronically submitted the foregoing document with the Clerk of

Court for the U.S. District Court, Southern District of New York, using the electronic case filing

system of the Court. I hereby certify that I have served all counsel of record via ECF.

Lynn M. Dean
Securities and Exchange Commission
Los Angeles Regional Office
444 South Flower Street, Suite 900
Los Angeles, CA 90071
Tel: (323) 965-3998
deanl@sec.gov
*Counsel for Plaintiff Securities and Exchange Commission*


/s/ *Robert Heim*
Robert Heim